# <u>EXHIBIT B</u>

## Order issued on August 11, 2026 in *Jane Doe v. Apple Inc.*, No. 26-05261-PHX-DJH (D. Ariz.)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jane Doe,<br><br>Plaintiff,<br><br>v.<br><br>Apple Incorporated,<br><br>Defendant. | No. CV-26-05261-PHX-DJH<br><br>**ORDER** |

This matter was reassigned to the Court on July 30, 2026. (Doc. 30). The same day, the parties filed a Notice of Settlement. (Doc. 26). The Court directed the parties to file final dismissal papers by October 2, 2026. (Doc. 27). On August 5, 2026, the plaintiffs in *Jane Doe S.B. 1 v. Apple, Inc.*, 2:26-CV-05421-SLP ("*Jane Doe S.B. 1*"), a case assigned to Judge Logan, filed a motion to transfer *Jane Doe S.B. 1* to undersigned pursuant to Local Rule 42.1(a). (Doc. 28).

Local Rule 42.1(a) states that "[w]hen two or more cases are pending before different Judges, a party in any of those cases may file a motion to transfer the case or cases to a single Judge on the ground that the cases: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail duplication of labor if heard by different judges." If a motion to transfer is granted, the following factors are considered in determining which judge the cases should be assigned to: "(1) whether substantive matters

have been considered in a case; (2) which Judge has the most familiarity with the issues involved in the cases; (3) whether a case is reasonably viewed as the lead or principal case; or (4) any other factor serving the interest of judicial economy." LRCiv 42.1(d).

*Jane Doe S.B. 1* plaintiffs say both plaintiffs have brought claims against the same defendant for harm caused by the use of an Apple AirTag, and both would call for the determination of the same questions of law. (Doc. 28 at 2). Defendant Apple, Inc. ("Defendant") opposes the transfer, noting in part that undersigned has never considered any substantive issue related to this case, and because the matter has settled, never will. (Doc. 29 at 3).

The Court agrees with Defendant. Even assuming some overlap in the relevant questions of law presented by the two cases and acknowledging both cases are brought against the same defendant, this Court has not considered any substantive issues raised by the facts or law in this matter and indeed has no familiarity the claims in light of the parties' settlement. Thus, judicial economy would not be served in transferring this matter to undersigned.

Accordingly,

**IT IS ORDERED denying** the Motion to Transfer (Doc. 28).

Dated this 11th day of August, 2026.

Honorable Diane J. Humetewa
United States District Judge