# EXHIBIT D

# Joint Status Report filed on July 31, 2026 in *Morris v. Apple Inc.*, 6:26-cv-06700-MAV (W.D.N.Y.)

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KRISTEN MORRIS,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 6:26-cv-06700-MAV<br><br>Hon. Meredith A. Vacca |

**JOINT STATUS REPORT**

Defendant Apple Inc. ("Apple") and Plaintiff Kristen Morris ("Plaintiff") (collectively, the "Parties") respectfully submit this Joint Status Report pursuant to the Court's July 10, 2026 Text Order directing the parties to confer and submit a joint status report on or before July 31, 2026.

## I. BRIEF CASE HISTORY

On December 5, 2022, plaintiffs Lauren Hughes and Jane Doe filed an initial complaint against Apple in the United States District Court for the Northern District of California, *Hughes, et al. v. Apple Inc.*, No. 3:22-cv-07668-VC (N.D. Cal.) (the "*Hughes* action"), before the Honorable Vince Chhabria.

The plaintiffs subsequently amended their pleadings and added additional plaintiffs, including Ms. Morris (the "*Hughes* Plaintiffs"). On October 6, 2023, the *Hughes* Plaintiffs filed their First Amended Complaint, which Apple moved to dismiss on October 27, 2023. On March 15, 2024, the court granted in part and denied in part Apple's motion to dismiss the First Amended Complaint. On April 5, 2024, the *Hughes* Plaintiffs filed a Second Amended Complaint, which Apple moved to dismiss on May 10, 2024. On November 18, 2024, the court granted in part and denied in part Apple's motion to dismiss the Second Amended Complaint. On November 25, 2024, the *Hughes* Plaintiffs filed a Third Amended Complaint.

On June 6, 2026, the *Hughes* Plaintiffs moved for class certification, which Apple opposed. On March 5, 2026, the court held a hearing on the motion for class certification. On March 9, 2026, the court entered its written Order Denying Class Certification and set a further case management conference for April 3, 2026, to address, among other things, whether the individual plaintiffs' cases should be severed. In their joint report, the Parties stipulated to severance of the cases.

At the April 3, 2026 case management conference, the court ordered that the cases would be severed and that all *Hughes* Plaintiffs other than plaintiff Aine O'Neill (who would remain the sole plaintiff on the *Hughes* docket) must file individual complaints within 28 days. In connection with the severance, the court set a schedule requiring Apple to file any motions to transfer by May 29, 2026, scheduled a hearing on the motions to transfer for July 9, 2026, and set a deadline for responding to the complaint or filing a motion to dismiss in any cases where Apple did not file a motion to transfer (response/motion to dismiss due June 8, 2026). The court further ordered that no discovery would occur pending adjudication of the motions to transfer, with discovery to resume in any case in which Apple did not file a motion to transfer. The court's schedule was silent, however, as to the timing of any answer or motion to dismiss with respect to the cases for which Apple sought transfer by May 29, 2026.

On May 1, 2026, Plaintiff Kristen Morris filed her individual Complaint in the Northern District of California, No. 3:26-cv-03978-VC. On May 27, 2026, Apple moved to transfer Plaintiff's case to the United States District Court for the Western District of New York, Rochester Division, pursuant to 28 U.S.C. § 1404(a). On June 9, 2026, Plaintiff filed a Statement of Non-Opposition to the Motion to Transfer Plaintiff's case.

On July 8, 2026, Judge Chhabria granted Apple's Motion to Transfer. Plaintiff's case was transferred to the Western District of New York, where it was opened on July 9, 2026 and assigned Case No. 6:26-cv-06700-MAV.

Apple has not yet answered or otherwise responded to the Complaint in this District. As noted above, Judge Chhabria did not set a deadline for Apple to answer or move to dismiss in this case.

**IV. PLAINTIFF'S POSITION**

Plaintiff agrees with Defendant that the case is not ready for trial or for dispositive motion practice other than Defendant's anticipated Rule 12(b)(6) motion. As to the latter, Plaintiff's position is that the motion would be appropriate only to the extent that it concerns causes of action or arguments that Apple did not have the opportunity to raise with Judge Chhabria in response to the First, Second, and Third Amended Complaints.

Plaintiff and Apple have agreed to a briefing schedule for the anticipated Rule 12(b)(6) motion. Plaintiff also agrees that further discovery is needed. Discovery of Apple never advanced beyond initial foundational discovery. At the time that Judge Chhabria stayed discovery pending severance and transfer, the Parties had yet to resolve disputes over the scope of Apple's responses to Plaintiff's existing written discovery and the custodians and search terms that Apple chose for its initial responses to Plaintiffs' document requests. Plaintiffs have not taken any Apple depositions, which were not necessary to the decision of Plaintiffs' class certification motion. Nor has either party engaged in any substantial non-party discovery.

The parties have agreed that the Court should permit discovery to resume at the earliest opportunity. The Parties have agreed to the below proposed case schedule to permit time for necessary discovery to take place ahead of further dispositive motion practice and trial.

**II. DEFENDANT APPLE INC.'S POSITION**

Apple respectfully states that this matter is not ready for trial. The only dispositive motion practice for which the matter is presently ready is a motion to dismiss. Apple intends to move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's request to limit the scope of Apple's motion to dismiss is both procedurally and substantively improper. Procedurally, any prior decision by Judge Chhabria has no precedential or preclusive effect on Apple's ability to make arguments here in response to a newly filed individual complaint. Substantively, Judge Chhabria's orders on Apple's motions to dismiss the First and Second Amended Complaints did not address the merits of Ms. Morris's individual claims.

Further discovery is also needed in this matter. The discovery conducted to date in the *Hughes* action was primarily focused on the class-certification context, including general product-design

questions and class-wide commonality. This matter is now an individual action, not a putative class action. Accordingly, substantial additional discovery will be required to develop the factual record in this individual case.

Specifically, additional individual Plaintiff discovery will be required, as will third-party discovery, which will take significant time to complete. Apple anticipates it will need to collect documents from and/or depose multiple individuals, including Plaintiff's cousin, aunt, and uncle, who were all with Plaintiff when she allegedly located an AirTag on her car; Plaintiff's primary care physician and therapist, who can provide important testimony on Plaintiff's emotional state after discovering the unknown AirTag and the alleged history of harassment and abuse by the person who allegedly tracked Plaintiff; the local police department, whom Plaintiff allegedly contacted after locating the AirTag and who subsequently interviewed the person who allegedly tracked her; and Plaintiff's friends with whom she discussed the alleged unwanted tracking and the alleged history of harassment and abuse.

In addition, Plaintiff has asserted New York-specific state-law claims—including a claim under N.Y. General Business Law § 349 and a claim for New York strict products liability (design defect)—that were not at issue in the prior litigation in the Northern District of California and will require targeted discovery.

Accordingly, Apple and Plaintiff respectfully propose the case schedule set forth below and requests that the Court adopt it.

## III. PROPOSED CASE SCHEDULE

The Parties jointly propose the following case schedule:

| **Event** | **Proposed Deadline** |
|---|---|
| Deadline for Apple's Motion to Dismiss | October 16, 2026 |
| Deadline for Plaintiff to Amend or Oppose Apple's MTD | November 13, 2026 |
| Deadline for Apple's Reply ISO MTD | December 7, 2026 |
| Close of Fact Discovery | June 14, 2027 |
| Deadline for Initial Expert Reports | July 15, 2027 |
| Deadline for Rebuttal Expert Reports | August 13, 2027 |

| | |
|---|---|
| Close of Expert Discovery | September 13, 2027 |
| Deadline for Summary Judgment and Daubert Motions | October 15, 2027 |

## V. CONCLUSION

The parties respectfully submit this Joint Status Report for the Court's consideration.

Dated: July 31, 2026

Respectfully submitted,

*/s/ Luna Ngan Barrington*

LUNA NGAN BARRINGTON
luna.barrington@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Tel: 212-310-8427
Fax: 212-310-8007

DAVID R. SINGH (*pro hac vice forthcoming*)
David.Singh@weil.com
MORGAN MACBRIDE (*pro hac vice forthcoming*)
Morgan.Macbride@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: 650-802-3000
Fax: 650-802-3000

JAMES M. PEARL (*pro hac vice forthcoming*)
James.Pearl@weil.com
WEIL, GOTSHAL & MANGES LLP
1999 Avenue of the Stars, Ste. 1800
Los Angeles, CA 90067
Tel: 213-667-5100
Fax: 213-667-5111

*Attorneys for Apple Inc.*

Dated: July 31, 2026

*/s/ Edwin J. Kilpela, Jr.*

EDWIN J. KILPELA, JR.
ek@waykayslay.com
WADE KILPELA SLADE LLP
6425 Living Pl. Suite 200
Pittsburgh, PA 15206
Telephone: (412) 370-6045

*Attorney for Plaintiff Kristen Morris*

**CERTIFICATE OF SERVICE**

I certify that on July 31, 2026, a true and correct copy of the foregoing document was served on counsel for Plaintiff at the email addresses listed below via electronic service.

EDWIN J. KILPELA, JR.
ek@waykayslay.com
WADE KILPELA SLADE LLP
6425 Living Pl. Suite 200
Pittsburgh, PA 15206
Telephone: (412) 370-6045

*Attorney for Plaintiff Kristen Morris*

*/s/ Luna Ngan Barrington*
Luna Ngan Barrington