# EXHIBIT E

# Uniform Case Management Report filed on August 19, 2026 in *Schuele v. Apple Inc*., 8:26-CV-01955-JLB-AAS (M.D. Fla.)

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| KARRY SCHUELE,<br><br>Plaintiff<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 8:26-CV-01955-JLB-AAS |

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

### 1. Date and Attendees

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 8/3/2026. Morgan MacBride, Emma Farrow, Collins Kilgore and Sara Avila attended the conference.

### 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 10/9/2026 |

| | |
|---|---|
| Deadline for Apple to file a Motion to Dismiss | 12/22/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, amend the pleadings, *see* Fed. R. Civ. P. 15(a), or Oppose Apple's Motion to Dismiss | 2/8/2027 |
| Deadline for Apple to file a Reply in Support of Motion to Dismiss | 3/01/2027 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). Plaintiff | 7/30/2027 |
| Defendant | 7/30/2027 |
| Rebuttal | 8/27/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 10/4/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 11/23/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Enter mediator's name, address, and phone number. | 10/18/2027 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 3/7/2028 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 3/21/2028 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 4/4/2028 |
| Month and year of the trial term. | 4/XX/2028 |

The trial will last approximately 10 days and be

☒ jury.

☐ non-jury.

**3. Description of the Action**

On December 5, 2022, plaintiffs Lauren Hughes and a Jane Doe filed an initial complaint on behalf of a putative class against Apple in the United States District Court for the Northern District of California, *Hughes, et al. v. Apple Inc*., No. 3:22-cv-07668-VC (N.D. Cal.) (the "*Hughes* action"), before the Honorable Vince Chhabria.

The plaintiffs subsequently amended their pleadings and added additional plaintiffs, including Ms. Schuele (the "*Hughes* Plaintiffs"). On October 6, 2023, the *Hughes* Plaintiffs filed their First Amended Complaint. The parties engaged in various motions to dismiss, which the court granted in part and denied in part. On November 25, 2024, the *Hughes* Plaintiffs filed a Third Amended Complaint.

On June 6, 2025, the *Hughes* Plaintiffs moved for class certification, which Apple opposed. Following a hearing, the court denied class certification on March 9, 2026. The court set a further case management conference for April 3, 2026, to address, among other things, whether the individual plaintiffs' cases should be severed. In their joint report, the parties stipulated to severance of the cases. The court accordingly ordered the cases severed on April 3, 2026.

The court further ordered *Hughes* Plaintiffs to file individual complaints in new actions, within 28 days. The parties stipulated that these new actions would be treated as related. The court also noted that it would entertain motions under 28 U.S.C. § 1404(a) to transfer any of the related cases to the respective plaintiff's home jurisdiction, and it set a deadline of May 29, 2026, for any transfer motion. The

court also imposed a deadline of June 8, 2026, for Apple to file a motion to dismiss or an answer in any case that it did not move to transfer. The court further ordered that no discovery would occur pending adjudication of the motions to transfer, with discovery to resume in any case in which Apple did not file a motion to transfer. The court's schedule was silent, however, as to the timing of any answer or motion to dismiss with respect to the cases for which Apple sought transfer.

On May 1, 2026, Ms. Schuele filed her individual Complaint in the Northern District of California, No. 3:26-cv-03933. On May 29, 2026, Apple moved to transfer Plaintiff's case to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1404(a). Plaintiff did not oppose. On July 8, 2026, Judge Chhabria granted Apple's motion to transfer. Plaintiff's case was transferred to the Middle District of Florida, where it was opened on July 10, 2026, and assigned Case No. 8:26-cv-01956-JLB-SPF.

As of the date of this filing, 37 actions are pending across 18 different jurisdictions. Nineteen of the actions have settled in principle, and another plaintiff represented by the same counsel settled prior to filing suit. The Parties respectfully offer this context to assist the Court in evaluating the schedule proposed by the parties. Counsel for the parties here are engaged in the severed *Hughes* actions, and are coordinating on the additional discovery the parties are anticipating since that will need to be sequenced alongside overlapping obligations in the other pending matters. The parties have endeavored to propose realistic dates that will move this action toward resolution efficiently, and they remain prepared to proceed on whatever schedule the Court determines is appropriate.

On August 4, 2026, counsel representing three plaintiffs who brought claims against Apple related to AirTag on August 3, 2026, but who are unaffiliated with counsel here and whose clients' claims were never part of the *Hughes* litigation, filed a motion before the Judicial Panel on Multidistrict Litigation (JPML). The motion

seeks an order under 28 U.S.C. § 1407 centralizing all pending AirTag-related litigation throughout the Nation, including this case, for coordinated pretrial purposes. Apple will oppose the motion. On August 5, Plaintiff proposed a stipulated stay of this matter pending the JPML's resolution of the motion for centralization. Oral argument of the motion for centralization is set to be heard on September 24, 2026. Apple opposes the stay, and the parties' respective positions are set forth below.

**<u>Plaintiff's Position</u>**:

This case should be stayed, given the impending ruling by the JPML, which likely will result in an MDL being formed by October. The Court has inherent power to control its docket, including the discretion to stay proceedings. *Landis v. N. Am. Co*., 299 U.S. 248, 254-55 (1936); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) (a court has broad discretion over the manner in which it manages the cases before it).

Plaintiff seeks a stay of the case on the grounds that a stay will conserve Court and Party resources and avoid duplicative litigation in the event the cases are in fact consolidated. When considering a motion to stay pending a transfer motion to the JPML, district courts typically consider three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Tonge v. Novartis Pharms*. Corp., No. 2:20-cv-168-JLB-NPM, 2021 U.S. Dist. LEXIS 137524, at *2 (M.D. Fla. July 23, 2021) (quoting *Rivers v. Walt Disney Co*., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)). In other cases, Eleventh Circuit courts have found a stay is appropriate, and in the interest of judicial economy, pending a consolidation and transfer by the JPML. *Kapur v. Knauf Insulation GmbH*, No. 8:18-cv-1330-T-33TGW, 2018 U.S. Dist. LEXIS 95882, at *1-2 (M.D. Fla. June 7, 2018) ("A stay pending a

consolidation and transfer decision by the JPML serves the primary purposes of the multidistrict litigation device, which is to "eliminate duplicative discovery; prevent inconsistent pretrial rulings . . . and conserve the resources of the parties, their counsel, and the judiciary.") (quoting *In re Cal. Retail Nat. Gas & Elec. Antitrust Litig*., 150 F. Supp. 2d 1383, 1384 (J.P.M.L. 2001)).

Apple argues below that a stay will result in unnecessary delay because, it asserts, the JPML will not decide the motion to centralize the cases until during or after its September 24, 2026 sitting, and Apple believes the motion to "should" be denied. The *Tonge/ Rivers* factors do not consider the likelihood that the JPML will grant the motion in deciding whether a stay is appropriate. Based on the JPML's historical practice, the motion to centralize the cases should be quickly resolved following the September 24, 2026 session. A stay of fewer than two months would not cause Apple hardship, even if the cases are not ultimately coordinated.

By contrast, Plaintiff would be prejudiced by having to litigate issues or engage in discovery of Apple that would be coordinated across all cases should the MDL be established. Similarly, while it is unclear at this stage to which court the cases are likely to be transferred in the event of MDL coordination, continuing to litigate in the interim creates the unnecessary risk that this Court's efforts in managing discovery and resolving legal questions in common across all of the related cases will be duplicative of—and could conflict with—those of whatever court may be assigned to handle the consolidated litigation. *Rivers*, 980 F. Supp. At 1361. Plaintiff disagrees with Apple's contention that much of the remaining discovery is case-specific or unique to this case given that discovery of Apple only progressed to its initial phases.

<u>**Defendant's Position**</u>:

Apple's position is that a stay is unwarranted and counterproductive, including because the MDL motion will be denied. A stay is never a matter of

routine. It is an exercise of discretion that requires weighing the possible damage from a stay, the hardship of going forward, and the orderly course of justice. *Landis* 299 U.S. 248 at 254–55; *see also Toback v. GNC Holdings, Inc.*, No. 13-80526-CIV, 2013 WL 5588251, at *1 (S.D. Fla. Oct. 10, 2013) (denying a stay pending a JPML centralization motion).

***First***, a stay would prejudice Apple, the non-moving party. Ms. Ballester has been litigating her claims against Apple for nearly three years and Apple has a strong interest in their orderly and timely resolution. A decision on the pending MDL motion may be two months away or more, and a stay would halt all progress during that period, only for the parties to resume in this Court with nothing to show for the pause. The schedule Apple proposes allows this action to continue moving forward in the interim, consistent with the JPML's own rules which provide that provide that "[t]he pendency of a motion[] . . . before the Panel . . . does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." JPML R. 2.1(d); *see also Shallcross v. Bausch & Lomb Inc.*, 2007 WL 141280 (M.D. Fla. Jan. 16, 2007) (ruling on motion to remand despite party's motion to stay pending a decision by the JPML).

***Second***, Plaintiff faces no meaningful hardship or inequity if the action is not stayed. Absent a stay, Plaintiff will simply continue prosecuting the action she chose to file. That is not hardship. *See Fid. Land Tr. Co., LLC v. Sec. Nat. Mortg. Co.,* 905 F. Supp. 2d 1276, 1278–79 (M.D. Fla. 2012) (denying Plaintiff's request to stay holding "Plaintiff has seen fit to file this action and, to the extent it wishes to prosecute its case, it must abide by its obligations as a litigant[.]") Plaintiff's only claimed hardship is the risk of litigating "common" discovery that a future MDL court might coordinate. But much of the discovery that remains is discovery from Plaintiff and case-specific third parties concerning Plaintiff's individual claims and

damages. That discovery is unique to this action, would never be part of coordinated proceedings, and must occur regardless of the JPML's ruling.

**4. Disclosure Statement**

☒ Each party has filed a disclosure statement using the required form.

**5. Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6. Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

**7. Preliminary Pretrial Conference**

☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒ The parties do request a preliminary pretrial conference, and the parties want to discuss Apple's proposed case schedule and Plaintiff's proposal for a stay.

## 8. Discovery Practice

The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐ Yes.
☒ No; instead, the parties agree to these changes: the deadline to serve will be October 9, 2026.

B. Discovery may be needed on these subjects: Apple's Position: Plaintiff's alleged experiences being tracked, Plaintiff's relationship with the individual who allegedly tracked her, and Plaintiff's alleged damages. Plaintiff's Position: Apple's design of AirTags, Apple's knowledge of risks concerning AirTags, Apple's responses to civilian and law enforcement inquiries regarding unwanted tracking, including related policies and procedures and decision-making.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes; describe the issue(s).

E. ☒ The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence: During the Hughes action, the parties negotiated a comprehensive stipulated protective order governing the disclosure and use of discovery materials, which the transferor court entered on April 11, 2025 (Hughes, Dkt. 124). See Ex. A. That order was based on the Northern District's model form and was modified by the parties to address the particular sensitivities presented by this litigation. Because the discovery already exchanged in the Hughes action was produced in reliance on these protections, and because the categories of sensitive information at issue are unchanged, the parties agree that the protective order entered in the Hughes action should continue to govern discovery in this action. The parties respectfully request that the Court adopt that order in this action, subject to any conforming modifications the Court deems appropriate, including with respect to the Court's local rules governing sealing.

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☐ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☒ Plaintiff unilaterally requests special handling. Specifically, Plaintiff intends to seek transfer or coordination with pending JPML proceeding MDL No. 3199,

Case 8:26-cv-01955-NB-ADS Document 28-6 Filed 08/19/26 Page 11 of 11

which is set for hearing on September 4, 2026. Apple intends to oppose the MDL proceeding.

**11. Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

*/s/ Collins Kilgore*
Collins Kilgore (admitted *pro hac vice*)
David Slade (admitted *pro hac vice*)
**WADE KILPELA SLADE LLP**
2450 Colorado Ave., Suite 100E,
Santa Monica, CA 90404
Telephone: (310) 667-7273
Email: ckilgore@waykayslay.com
Counsel for Plaintiff
8/19/2026

*/s/ David R. Singh*
David R. Singh (admitted *pro hac vice)*
Morgan D. MacBride (admitted *pro hac vice)*
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Pkwy, 6th Floor
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Email: david.singh@weil.com
Morgan.macbride@weil.com
Counsel for Defendant
8/19/2026

*/s/ James M. Pearl*
James M. Pearl (admitted *pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
1999 Avenue of the Stars, 18th Floor
Los Angeles, CA 90067
Telephone: (213) 667-5000
Email: james.pearl@weil.com
Counsel for Defendant
8/19/2026

*/s/ Brian G. Liegel*
Brian G. Liegel
Florida Bar No. 119269
**WEIL, GOTSHAL & MANGES LLP**
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Email: brian.liegel@weil.com
Counsel for Defendant
8/19/2026